# Law Offices of Colin Mulholland

Employment and Civil Litigation

36-36 33rd Street
Suite 308
Astoria, NY 11106

Telephone: (347) 687-2019
cmulhollandesq@gmail.com

March 21, 2025

Honorable Marcia H. Henry
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Ochoa v. 5 Square Management LLC et al 24-cv-07300**

Your Honor,

Plaintiff would respectfully request leave to request certificates of default, in the event the Defendants do not appear, on or before April 15, 2025 and to file a motion for default judgment within 30 days after the Clerk issues the certificates of default.

Plaintiff will provide the requisite SCRA searches and affidavits in his motion for default, assuming no Defendants appear.

Plaintiff has served the following individuals and corporate entities with the Amended Complaint and Summons:

1. Eric Brown – Dkt. 13

2. Ian Brown – Dkt 13

3. Green Street Acquisitions #1 Corp. – Dkt 12

4. Paul Pierorazio – Dkt 16

5. Marco Barrancos – Dkt 16

6. 4 Square Management LLC – Dkt 16

7. Brown Brothers Group LLC – Dkt 16

8. PPS Union LLC – Dkt 16

9. PPS Utica LLC – Dkt 16

Defendant Park Pro Systems, Inc. has been dissolved by proclamation and thus Plaintiff will not be pursuing any claims against that entity.

Defendant 5 Square Management LLC is in Chapter 11 bankruptcy and it is the understanding of the undersigned that the automatic stay prevents them from being served with process.

Plaintiff intends to seek default against the individual employers Eric Brown and Ian Brown, the brothers who own and control all of the closely held entities in this lawsuit, and their management team, Paul Pierorazio and Marcos Barrancos, along with those corporations which have been served.

In regards to the issue of standing to bring claims for wage statements and wage notices, Plaintiffs rely on the District Court opinion and its citing cases **Charles v. Pinnacle Too, LLC**, 2024 U.S. Dist. LEXIS 188084, *35 ("If a plaintiff testifies that or submits an affidavit stating that a defendant's failure to provide wage notices 'prevented them from determining and seeking payment for the precise amount of her unpaid wages,' they have standing. As held in *Guthrie*, this would be 'a tangible downstream consequence of the failure to receive required information.'") to support the viability of their standing in regards to the Wage Notice and Wage Statement made in their Complaint.

Plaintiff will be submitting a statement regarding his tangible injury stemming from the failure to issue proper notices and statements within his declaration in support for default.

Respectfully Submitted,

/s/ Colin Mulholland, Esq.